■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARCEL EMILIO LANDY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 27, 1968, convicting him of criminal possession of a dangerous drug in the first, second and fourth degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and in the interests of justice, and case remanded to the Criminal Term for further proceedings not inconsistent with the views set forth herein. In our opinion there exists in this case a question as to whether in fact there was probable cause for the arrest of appellant. In reviewing the record, however, we find that the Criminal Term did not adequately set forth the basis of its finding of probable cause at the conclusion of the suppression hearing. It only adverted to such nebulous terms such as "the informant's statements", officers' "observations" and "all of the other testimony adduced at this hearing" in denying appellant's motion to suppress evidence seized at the time of his arrest. The gist of the People's case is that appellant, pursuant to a prearranged plan, entered this country at New Orleans airport after having flown there from South America. After passing through Customs, with cocaine allegedly strapped to his body, he was met by his two codefendants. The latter two were under observation by New York policemen who had followed them from New York. At that time appellant allegedly spoke the following words in Spanish to his codefendants: "It's okay, I've got it. It's on me. Let's get out of here." The next day the police observed the three defendants board a plane to New York and immediately notified their brother officers in New York of that fact. Upon arrival in New York one of the codefendants handed appellant a flight bag and shortly thereafter appellant was arrested. An examination of the contents of the flight bag in appellant's possession revealed cocaine. The first question confronting us is whether there was probable cause to justify appellant's arrest. In regard to the so-called officers' "observations" relied upon in part by the Criminal Term in denying the suppression motion, it occurs to us, after having reviewed the record, that

those observations were entirely confined to the activities of appellant's codefendants, first in New York and then in New Orleans. Even assuming *arguendo* that the codefendants' actions while under police observation were anything but equivocal insofar as probable cause for their arrest is concerned, those actions have little demonstrable relevance as to the arrest of appellant. With respect to the Criminal Term's reliance on "the informant's statements", we note only that unfortunately the court did not permit the police to testify at the suppression hearing as to the information they had received from a "reliable" informant. Although there is a basis in the record tending to establish the police informant as "reliable", the second prong of the *Aguilar* v. *Texas* (378 U. S. 108) test — relating to the reliability of the informer's information — was never satisfied and accordingly the Criminal Term's reliance on so-called "informant's statements" was misplaced (see, also, *Spinelli* v. *United States*, 393 U. S. 410). As to the Criminal Term's reliance on "all of the other evidence adduced at this hearing," in our opinion, the most damaging, if not the only, evidence bearing on the question of probable cause for appellant's arrest was his aforementioned statement to his codefendants as he passed through Customs. Perhaps, in conjunction with the background of the information received from the police informant, the aforenoted statement will satisfy in establishing the necessary probable cause for his arrest. Suffice it to say that, without such information, we feel the existence of probable cause was not shown. Accordingly, the case should be remanded to the Criminal Term to permit additional testimony to be taken as to the information received by the police from their informant; and, at the conclusion of such reopened hearing, the Criminal Term should make specific findings of fact and conclusions of law (see *People* v. *Lombardi*, 18 A D 2d 177). Finally, in the event the People are successful at the conclusion of the reopened suppression hearing, we feel that a new trial is required in the interests of justice. In our opinion the Trial Judge by his conduct in this case may have conveyed to the jury that he was of the opinion that appellant was guilty. In addition, the Trial Judge at far too many crucial points in the trial virtually took over complete questioning of key witnesses and elicited from them damaging evidence from the point of view of the defense (*People* v. *Adler*, 274 App. Div. 820; *People* v. *Killgo*, 33 A D 2d 226; *People* v. *Diaz*, 10 A D 2d 80, 93). Rabin, P. J., Hopkins and Martuscello, JJ., concur; Munder and Christ, JJ., dissent and vote to affirm the judgment.